UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

TIMOTHY GREENLEE,                           )
                                            )
                    Petitioner,             )
                                            )
            v.                              )       No. 2:22-cv-00421-JPH-MG
                                            )
FRANK VANIHEL,                              )
                                            )
                    Respondent.             )

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Indiana prisoner Timothy Greenlee filed a habeas petition challenging his disciplinary conviction for battery under prison case no. WVE 22-04-0029. The petition is **DENIED**.

**I. Legal Standard**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II. Background

On April 13, 2022, Mr. Greenlee was charged with battery against a staff

member in violation of Indiana Department of Correction Discipline Code A-117.

The Report of Conduct makes the following allegations:

> On 4-13-22 at approximately 1:17 am, I, Sgt. Vaughn, was assigned
> to the SCU at Wabash Valley Correctional Facility. I was talking to
> offender Greenlee, Timothy #865760 in the lower shower of the A500
> range when offender Greenlee crouched down and struck me [in the]
> genital area. I then walked off the range.

(Dkt. 8-1).

On April 14, 2022, Mr. Greenlee was given notice of the charge. He pleaded

not guilty. He did not ask to call any witnesses. He asked to present surveillance

video of the incident, which he claimed would show that Sgt. Vaughn was

continually spraying him with a chemical spray. (Dkt. 8-2).

A correctional officer reviewed the surveillance video of the incident and

made the following findings:

> 1:17:31: Sgt. Vaughn is standing in front of shower door and
> appears to be talking to incarcerated individual Greenlee, Timothy
> 865760.
>
> 1:17:51: Greenlee bends down sticks closed fist out the cuff port and
> strikes Sgt. Vaughn in the genital area. Sgt. Vaughn steps back then
> turns and walks off the range.

(Dkt. 8-6).

On May 6, 2022, this case proceeded to a disciplinary hearing. (Dkt. 8-5).

Mr. Greenlee told the disciplinary hearing officer ("DHO"): "I attempted to grab

the OC cannister from the C/O because he threatened to spray me with it." (*Id.*).

Mr. Greenlee asked to call fellow inmates Travis Fentress, Roger Delucenay, Michael Parker, and J.B. Whitelow as witnesses. (*Id.*). He also brought written witness statements from these inmates. (*Id.*) The DHO denied the request and did not consider the witness statements. (*Id.*). Had these inmates been allowed to testify, they would have corroborated Mr. Greenlee's statement that he was attempting to defend himself from being sprayed by Sgt. Vaughn. (*Id.*; Dkt. 1-1 at 1-6).

The DHO found Mr. Greenlee guilty and made the following factual findings: "DHO believes [conduct report] to be true and accurate. DHO took into account [conduct report], offender statement, video evidence." (Dkt. 8-3). Mr. Greenlee lost 180 days of earned credit time and received a demotion in credit-earning class. (*Id.*).

After Mr. Greenlee exhausted his administrative appeals, he filed this habeas petition under 28 U.S.C. § 2254. (Dkts. 2, 8-10, 8-12, 8-13).

### III. Discussion

Mr. Greenlee raises two grounds for relief. First, that the evidence is insufficient to sustain his conviction because he did not strike Sgt. Vaughn in the genitals and instead merely knocked or pushed away a cannister of chemical spray that was in Sgt. Vaughn's hand. Second, that he was denied the right to present exculpatory evidence (*i.e.*, testimony of his fellow inmates) at the disciplinary hearing.

### A. Sufficiency of the Evidence

Mr. Greenlee argues that the conduct report was based on Sgt. Vaughn's false statement that he was struck in the genital area. In support, Mr. Greenlee states that the video does not show Sgt. Vaughn grabbing his groin area after the alleged punch and that "[o]ne may search in vain for any instance of one getting groin-punched without grabbing of that area in a protective reaction." Dkt. 1 at 2. Instead of punching Sgt. Vaughn, Mr. Greenlee states that he was grabbing for the tear-gas cannister. *Id.*

As explained above, "due process requires that [Mr. Greenlee] receive advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation, supported by at least 'some evidence' in the record, for any disciplinary action taken." *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (citing *Wolff* and *Hill*). Due process does not mandate a disciplinary proceeding free of false statements. This is because "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Id.* (quoting *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999)).

Thus, Mr. Greenlee's challenge to the disciplinary proceeding based on the claim that Sgt. Vaughn falsified the conduct report is best understood as a challenge to the sufficiency of the evidence. These challenges are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not

arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Mr. Greenlee was found guilty of battering a staff member. The Disciplinary Code defines battery as "knowingly or intentionally touching another person in a rude, insolent, or angry manner; or in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person." (Dkt. 8-15).

In this case, there is evidence that Mr. Greenlee committed battery. In the Report of Conduct, Sgt. Vaughn states that Mr. Greenlee "crouched down and struck me in the genital area." (Dkt. 8-1). This evidence, even without more, would be sufficient to sustain the conviction. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (A Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision.").

Also, far from exonerating Mr. Greenlee, the surveillance video corroborates the allegations in the Report of Conduct. The Court has reviewed the surveillance video, which was filed as a sealed, *ex parte* exhibit. (Dkt. 10). The video shows Mr. Greenlee's arm aggressively reach through the cuff port toward Sgt. Vaughn's genital area. Regardless of whether Mr. Greenlee hit Sgt. Vaughn's groin, arm, hand, or the object Sgt. Vaughn had in his hand, that conduct is a battery. *Cf. K.D. v. State*, 754 N.E.2d 36, 40 (Ind. Ct. App. 2001)

(striking an item that is intimately associated with the victim's person, such as clothing, glasses, or a gun belt, constitutes a battery) (collecting cases).

Further, even if Mr. Greenlee had been acting in self-defense, a claim that is not supported by the surveillance video, this would not entitle him to relief on habeas review, as "inmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings" *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011).

Mr. Greenlee's request for relief on this ground is **DENIED**.

### B. Right to Present Exculpatory Evidence

Prisoners have a limited right to present witnesses and evidence in their defense, consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to requests for evidence and may deny requests that threaten institutional safety or requests that are irrelevant, repetitive, or unnecessary. *Piggie*, 342 F.3d at 666. Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 2011). Prison officials are not required to produce evidence they do not have. *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017).

The witness statements Mr. Greenlee sought to admit were not exculpatory given the video evidence of the events in question. Mr. Greenlee sought to admit three witness statements. Dkt. 1 at p. 2; 8-7; 8-8 and 8-9. First, the statement

of JB Whitelow states, "Sgt. Vaughn attempted to spray and Greenlee tried to knock mace away and the Sgt. left." Dkt. 8-7 at 1. Second, the statement of Roger Dulucenay states that "Greenlee never struck Sgt. Vaughn. He tried to reach out to push away the pepper spray can after Sgt. threatened to spray him." Dkt. 8-8 (spelling errors corrected). Third, the statement of Travis D. Fentress is that "Sgt. Vaughn was threatening to spray Mr. Greenlee with a tear gas canister. . . . I saw Greenlee attempt to slap away the canister, but no contact was made with his hand and Sgt. Vaughn." Dkt. 8-9. These statements are directly contradicted by the video evidence. The video does not show Sgt. Vaughn taking action to spray Mr. Greenlee, but does show Mr. Greenlee jabbing his arm quickly out of the cuff port to strike Sgt. Vaughn in the groin area—regardless of his intent in doing so.

Finally, while the witness statements that Mr. Greenlee tenders may differ somewhat from the allegations in the Report of Conduct, those differences are immaterial to Mr. Greenlee's battery conviction. The witnesses claim that Mr. Greenlee was attempting to knock or push away a canister of chemical spray in Sgt. Vaughn's hand in self-defense. As explained in the section above, Mr. Vaughn had no right to claim self-defense in the disciplinary proceeding, so the witnesses' statements would not have undermined the case against him. His claim of self-defense does not entitle him to relief on habeas review.

At the least, given the video evidence supporting Mr. Greenlee's battery conviction, the decision to exclude these witness statements was harmless error. *See Jones*, 637 F.3d at 847 (excluding witness statements that corroborated petitioner's claim of self-defense in disciplinary proceeding for battery against a

7

staff member was harmless error, as the statements were cumulative of other evidence and did not contradict the finding of guilt).

### IV. Conclusion

For the reasons explained above, Mr. Greenlee's petition for a writ of habeas corpus is **DENIED**.

Mr. Greenlee's motion to remove the *ex parte* restriction on the surveillance video, dkt. [15], is also **DENIED**. The Court defers to the respondent's professional judgment that giving Mr. Greenlee access to the surveillance video would impede the safety and security of the facility. *Cf. Mays v. Dart*, 974 F.3d 810, 821 (7th Cir. 2020) ("Correctional administrators must have 'substantial discretion to devise reasonable solutions to the problems they face,' particularly when safety and security interests are at stake."). Further, granting Mr. Greenlee access to this video and allowing him to hire an outside company to forensically examine the video would not benefit him in this case, for the reasons outlined above.

Final judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date: 9/7/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TIMOTHY GREENLEE
INDIANA STATE REFORMATORY
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov