UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TIMOTHY GREENLEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:22-cv-00421-JPH-MG |
| | ) |
| FRANK VANIHEL Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER DISCUSSING REQUEST TO PROCEED ON APPEAL *IN FORMA PAUPERIS* AND OTHER PENDING MOTIONS**

On September 7, 2023, this Court entered final judgment against Petitioner Timothy Greenlee, denying his habeas corpus petition filed under 28 U.S.C. § 2254. Dkts. 20 and 21. Now before the Court are several motions: a motion for extension of time to seek a certificate of appealability, dkt. 22; a motion for a certificate of appealability, dkt. 24; a motion for extension of time to file an appellate brief, dkt. 29; and a motion to proceed on appeal in forma pauperis, dkt. 28.[1]

The motions related to a certificate of appealability are moot. The Court of Appeals has already ruled that Petitioner's appeal may proceed without a certificate of appealability pursuant to *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). *Greenlee v. Vanihel*, No. 23-3161 dkt. 2 (7th Cir. Nov. 9, 2023). Thus, the motion for an extension of time to seek a certificate of appealability, dkt. [22] and the motion for a certificate of appealability, dkt. [24], are **denied as moot**.

---

[1] The IFP motion originally was filed in the Court of Appeals, which redirected the motion to this Court for consideration.

1

Also, the motion for an extension of time to file an appellate brief, dkt. [29], is **denied as moot**. That motion must be directed to the Court of Appeals, and it has now in fact been docketed in that Court. *Id.* at 8.

Finally, Petitioner seeks leave to proceed on appeal without prepayment of the appellate fees of $505.00. "An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith." 28 U.S.C. § 1915(a)(3). This requirement applies to appeals from the denial of a habeas corpus petition under § 2254. *See Thomas v. Zatecky*, 712 F.3d 1004, 1005–06 (7th Cir. 2013). "Good faith" within the meaning of § 1915 is judged by an objective, not a subjective, standard. *See id.* at 1006 (stating that bad faith is a phrase that is understood to mean objective frivolousness).

Petitioner's § 2254 petition alleged that he was improperly deprived of credit time for committing battery against a correctional officer at Wabash Valley Correctional Facility by striking him in the groin. Dkt. 1. Specifically, he contended that surveillance footage of the incident would confirm that he only was attempting to knock a tear-gas canister out of the officer's hand. *Id.* He also claimed that the disciplinary board improperly refused to allow him to introduce witness statements that would corroborate his version of events. *Id.*

This Court reviewed the surveillance footage and noted that it in fact showed Petitioner "aggressively reach through the cuff port toward Sgt. Vaughn's genital area." Dkt. 20, p. 5. The Court has now re-viewed the video and has come to the same conclusion: no reasonable person could find that Petitioner was

2

attempting to prevent being sprayed with tear gas by Sgt. Vaughn when he reached through the port. It would be frivolous to argue otherwise.

The Court also previously noted that it was irrelevant whether Petitioner struck or was attempting to strike either Sgt. Vaughn's person or a tear-gas canister, as either would constitute battery. *Id.* And, to the extent Petitioner was attempting to claim he was acting in self-defense, the Court noted that prisoners do not have a constitutional right to claim self-defense in disciplinary proceedings. *Id.* at 6. The clear evidence from the surveillance footage, and the lack of an available self-defense claim, also meant that not allowing Petitioner to introduce his proposed witness statements at the disciplinary hearing was at most harmless error. *Id.* at 7.

At this time, there is no objectively reasonable argument Petitioner could present to argue that the disposition of this petition was erroneous. In pursuing an appeal, therefore, the Petitioner "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). Accordingly, his appeal is not taken in good faith, and for this reason his request for leave to proceed on appeal *in forma pauperis,* dkt. [28], is **denied**.

**SO ORDERED.**

Date: 1/10/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TIMOTHY GREENLEE
INDIANA STATE REFORMATORY
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838